[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR REVIEW OF ORDER INCREASING BAIL TO $40,000.00
The defendant, Robert C. Bigelow was arrested on June 19, 1991 upon an arrest warrant on charges of hindering prosecution in the first degree in violation of Conn. Gen. Stat. 53a-166, tampering with physical evidence in violation of Conn. Gen. Stat. 53a-155, both at Litchfield on or about March 20, 1991 and with false statement at Litchfield on or about April, 1991 in violation of Conn. Gen. Stat. 53a-157. Bond was set at one hundred thousand dollars ($100,000.00), Dranginis, J.
On June 20, 1991 the defendant was brought before the superior court G.A. #18 at Litchfield. Pickett, J. presiding. At that time, the state's short form information charging the defendant with the aforesaid offenses was filed. The court (Pickett, J.) set bond at fifteen thousand dollars ($15,000.00), following a hearing on the bond conducted in accordance with Section 666 of the Practice Book. The case was ordered transferred to Part A, Judicial District of Litchfield and continued to July 2, 1991, At the same proceedings, the public defender was appointed,
The defendant was released upon the posting of a cash bond on June 20, 1991 and was at liberty under that posted bond at all subsequent court proceedings and remained at liberty until November 4, 1992. On November 3, 1992, the defendant under subpoena testified for the defense in the case CT Page 11018 of State of Connecticut v. John Tyler Fuessenich, Judicial District of Litchfield, Docket number CR 91 73111, Pickett, J., presiding. Prior to his testimony, the defendant was advised of his constitutional right not to testify, but elected to waive that right and to testify.
The defendant's testimony concluded on November 4, 1992, following which the jury was excused on the State's motion and the state's attorney orally moved to increase bond, which the court, Pickett J., granted, and increased bond to forty thousand dollars ($40,000.00). The defendant was taken into custody and later that day released upon the posting of a surety bond.
Subsequent to the bond increase but prior to his posting bond, defendant filed a motion for immediate bond review. The motion was heard by the court (Pickett, J.) who granted said motion insofar as it did reconsider the bond, but denied the motion to reduce the bond to its prior amount. The defendant's bond remained at $40,000.00.
On December 1, 1992, the appellant court entered an order on the defendant's motion for bond review as follows:
 ORDERED GRANTED and the relief requested therein is granted to the extent that the matter is remanded to the trial court with direction to consider the facts of Practice Book 666 (a). The existing bond of $40,000.00 shall remain in effect pending the decision of the trial court after said hearing.
On December 9, 1992, this court conducted a further hearing on the defendant's motion at which time oral argument was presented by the defendant and the state. The court has again considered "the nature and circumstances of the offense" as well as "what conditions of release will reasonably assure the appearance of the defendant in court", Practice Book Sec. 666 (a) and concludes that the bond should remain as set.
The defendant has judicially admitted under oath the essential elements of the crimes with which he is charged. These statutes expose the defendant to eleven years incarceration. Prior to his testimony the state had a far greater burden of proof which has, if not eliminated, been substantially reduced. The temptation to flee is therefore greatly increased. Finally, the underlying facts involve participating in a coverup of evidence of a killing — not a simple misdemeanor.
For the reasons set forth; the request to reduce the defendant's bond is denied but he remains free on the $40,000.00 bonds previously posted. CT Page 11019
PICKETT, J.